### A. M. CAMPAU REALTY CO. *v.* LENHARDT.

1. CONTRACTS—SIDEWALKS—GUARANTY—CONSIDERATION.
   Where defendants, while constructing sidewalks for plaintiff, were notified that the work was being improperly done, and on presenting a bill for same were refused payment, and later secured acceptance of the work and payment by giving a written guaranty; *held* that there was a good consideration for the guaranty.

2. TRIAL—EVIDENCE—STATEMENT OF ACCOUNT.
   In an action to recover the cost of repairing defective sidewalks, on a written guaranty, the statement of an account of the cost of reconstructing various pieces of walk was not received in evidence, where it was merely shown to a witness, who was asked to state the various items appearing therein having reference to the particular walk, and witness answered, "the item, $171.18, being the expense of rebuilding the damaged walk that was not good."

3. DAMAGES—SIDEWALKS—RECONSTRUCTION — LACHES — DEFENSES.
   In an action to recover the cost of repairing defective sidewalks, on a written guaranty, defendants will not be heard to object that plaintiff was not entitled to recover the full cost of reconstruction, after having had the use of them for nearly the period covered by the guaranty, and that plaintiff stood by and permitted the walks to disintegrate without taking action to repair them, where the evidence was undisputed that soon after completion the walks began to dis-

integrate; that defendants were repeatedly notified to attend to them; that the mixture of cement was wholly insufficient; that the city authorities finally required them to be replaced, and that defendants were asked to replace them and refused.

4. SAME—SIDEWALKS—DEFENSES—EVIDENCE.
Defendants, having offered no evidence that the foundation of the sidewalks, which was laid by other parties, was the cause of the disintegration of the walks, were not entitled to any allowance in this respect.

5. SAME—COST OF RECONSTRUCTION—PROOF.
In the absence of an objection suggesting the necessity of further proof as to the reasonableness of the cost of reconstructing the walks, where a witness testified that the sum of $171.18 was paid and the testimony was undisputed and was independent of the statement of said account for reconstructing the walk, a judgment for such amount and interest should not be reversed.

Error to Wayne; Donovan, J. Submitted November 30, 1910. (Docket No. 168.) Decided December 22, 1910. Rehearing denied April 1, 1911.

Assumpsit in justice's court by the A. M. Campau Realty Company against Robert A. Lenhardt, administrator of the estate of Robert Schillinger, deceased, and Fred Schillinger, upon a written guaranty. Plaintiff appealed to the circuit court from a judgment for an insufficient amount. A judgment for plaintiff on a verdict directed by the court is reviewed by defendants on writ of error. Affirmed.

*Moloney & Speed*, for appellants.

*Wilkinson, Post & Oxtoby*, for appellee.

OSTRANDER, J. Plaintiff sued in justice's court upon a written guaranty given by defendants to plaintiff's assignor. The declaration is special; the plea the general issue. In the circuit court, to which an appeal was taken, a verdict for plaintiff was directed by the court and judgment was entered on the verdict.

It is assigned as error:

(1) That the court admitted the written guaranty in evidence.
(2) That Exhibit 2 was admitted in evidence.
(3) That a verdict for plaintiff was directed.

1. When the written guaranty was offered and received in evidence, it was objected, and it is now asserted, that it was based upon no consideration, which fact appeared by the testimony for the plaintiff. The record does not support this contention. When the contract for the walk was made, there was no guaranty and none was given until it was completed. It was not, however, a gratuitous undertaking. While the walk was being laid, the defendants were advised that it was being improperly laid and upon one occasion the work was stopped. When the defendants presented the bill for "laying Schillinger's granolithic stone sidewalk, on foundation made by another party," 2,931 square feet at 7½ cents a foot, payment was refused upon the ground that the walk was not properly laid. Acceptance of the work and payment of the account were secured by giving the guaranty sued upon, which was written upon the statement of account. Below the guaranty, defendants acknowledged payment of the account in full. It therefore appears that the guaranty was given for a good consideration.

2. We do not find that Exhibit 2 was received in evidence. It was referred to by a witness and is printed in the record. It is a statement of account for building various pieces of sidewalk, including some of that originally built by defendants. It was shown to a witness, who was asked to state the items appearing therein having reference to the particular walk. The objection made was:

"Objected to as entirely incompetent and immaterial. If any recovery can be had, it is upon the breach of warranty or guaranty, and the cost of the rebuilding of the sidewalk four years and eleven months after the guaranty

is given, is not competent evidence of the measure of damages."

The objection was overruled, an exception noted, and the witness answered:

" The item, $171.18, being the expense of rebuilding the damaged walk that was not good."

In the absence of a reference in the record or brief to any particular exception supporting the assignment of error, we assume that the one just referred to is relied upon. The argument made in the brief is not very well suggested by the objection which was stated. It is said plaintiff was not entitled to recover the full cost of reconstructing the new walks after having had the use of them for nearly the period covered by the guaranty; that plaintiff stood by and permitted the walks to gradually disintegrate without taking action to repair them. The testimony for plaintiff, undisputed, tended to prove that very soon after the walks were laid by defendants there was evidence of disintegration, that defendants were repeatedly notified and repeatedly promised to attend to them, that the mixture of cement and other material used in the walks was wholly insufficient, that the city authorities finally required them to be replaced, that defendants were asked to replace them and refused. Defendants were also notified that the walks had been rebuilt, and that plaintiff would look to them to repay the cost thereof.

It is said, too, that defendants are entitled to some advantage because the foundation for the walks was not made by defendants. We are not referred to any testimony tending to prove that an improper foundation was the cause of the disintegration of the walks. It is likely further proof of the reasonableness of the sum paid for reconstructing the walk would have been made if there had been a suggestion that what was produced was regarded as insufficient. Independent of Exhibit 2, a witness testified that the sum of $171.18 was paid for rebuilding de-

fective walk, and the reasonableness of this does not appear to have been questioned.

3. It does not appear that the court was requested to submit any question to the jury. In any event, there was no dispute concerning the facts.

The judgment is affirmed.

Hooker, Moore, McAlvay, and Brooke, JJ., concurred.